UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN LEBLANC AND<br>ANDREA LEBLANC | CIVIL ACTION |
| VERSUS | NO:    98-2081 c/w 97-0971 |
| TRANS UNION, LLC | SECTION: "C" (2) |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Vacate Order Closing Case Due to Matter Remaining to be Decided. (Rec. Doc. 353).  This matter was taken under advisement on the briefs, without oral argument.  Based on the memoranda of parties, the record, and the applicable law, this Court DENIES plaintiff's motion to vacate orders closing the case. (98cv2081, Rec. Doc. 20; 97cv0971 Rec. Doc. 351).

This Court had previously ordered the parties to a) conduct additional and limited discovery and b) address a possible amendment to the Consent Order in 2007.  (Rec. Doc. 331).  Both parties complied with this Court's order.  The parties completed briefing on amending the Consent Order on February 12, 2008 and completed the contemplated discovery March 12, 2008.  On July 17, 2008, this Court dismissed the case noting "the time allowed for additional discovery has expired."  (Rec. Doc. 351).  The Court's July 17, 2008 Order did not address the other requirement that parties address amending the Consent Order.

At the time this case was dismissed, neither party had a pending motion before this Court. While parties had briefed, as ordered, a question for the Court, neither party <u>filed a motion</u> to actually amend the Consent Order. See Fed. R. Civ. P. 7(b) ("a request for a court order must be made by motion" and must "state with particularity the grounds for seeking the order" and "state the relief sought.") Moreover, the motion underlying the Court's order in 2007 did not seek an amendment to the Consent Order. (See Rec. Doc. 303). Rather that motion sought to re-open the case and conduct additional discovery, which this Court granted, and sanctions against defendant, which this Court denied. (Rec. Doc. 303, 331). Therefore, at the time this case was dismissed, this Court did not have any motions pending in this case. Accordingly,

IT IS ORDERED that plaintiff's Motion to Vacate Order Closing Case Due to Matter Remaining to be Decided is DENIED.[1]

New Orleans, Louisiana, this 4th day of November, 2008.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Nothing in this Order denying plaintiff's motion to vacate a previous order or in the Court's previous Order dismissing the case should be construed as preventing any party from properly petitioning the Court to re-open the matter. As discussed in this Court's 2007 Order, "when a consent decree has ongoing effects, the issuing court retains authority to enforce the terms of the agreement." *Alberti v. Klevenhagen*, 46 F.3d 1347, 1365 (5th Cir.1995).